IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BRIDGEWATER, | No. C 10-00704 SI |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AND DEFERRING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| SHAWN BANKSON, et al., | |
| Defendants. | |

Now before the Court are plaintiff's application to proceed in forma pauperis ("IFP") and motion for leave to file a complaint for civil conspiracy, filed on February 18, 2010. For the reasons set forth below, the Court hereby DISMISSES plaintiff's complaint with leave to amend and DEFERS ruling on plaintiff's IFP application.

**DISCUSSION**

Pro se plaintiff Sharon Bridgewater has filed a complaint against the law firm Kimball, Tirey & St. John LLP and two of its attorneys, Shawn Bankson and Jane Creason. Although plaintiff's papers are at times difficult to understand, it appears that this action arises from an unlawful detainer proceeding against plaintiff in state court that resulted in plaintiff losing her apartment. Plaintiff's basic theory appears to be that the attorney defendants conspired with plaintiff's former landlord, Hayes Valley Apartments, to bring an unmeritorious unlawful detainer proceeding against her.

Where a plaintiff seeks to proceed IFP, the court must dismiss the complaint "at any time" if the court determines the plaintiff has failed to state a cognizable, non-frivolous claim. 28 U.S.C. § 1915(e)(2)(B). The court's analysis requires an inquiry similar to that employed in ruling on a motion

to dismiss for failure to state a claim. If the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face," then it is proper to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (enunciating standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6)).

Plaintiff purports to assert a variety of both federal and state claims. Plaintiff's federal claims are brought under the American with Disabilities Act ("ADA"), the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff asserts state law claims for attorney-client civil conspiracy, fraud, malicious prosecution, intentional infliction of emotional distress, tortious interference with contract, tortious interference with quiet enjoyment, and "common law forcible detainer."

Although plaintiff purports to state federal claims under the ADA, FDCPA, and Due Process Clause, she has not set forth any facts in support of these causes of action. Therefore, these claims must be dismissed and cannot support federal jurisdiction over this action. Plaintiff will be granted leave to amend to allege these claims more fully.

Plaintiff's primary state law claims center on an alleged civil conspiracy among attorneys. This claim is brought pursuant to California Civil Code § 1714.10, which provides:

> (a) No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. . . .
>
> (c) This section shall not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain.

Cal. Civ. Code § 1714.10(a), (c). Due to plaintiff's insufficient pleading, the Court cannot discern whether plaintiff's claim falls within the requirements of subsection (a) or rather fits within the exception set forth in subsection (c). More fundamentally, plaintiff has not set forth facts establishing either what her claim is, or that she has a reasonable probability of prevailing. The Court is likewise unable to discern the factual basis for plaintiff's remaining state law claims. Additionally, since none of plaintiff's federal claims is cognizable, plaintiff must plead a basis for invoking this Court's diversity

2

jurisdiction under 28 U.S.C. § 1332. Plaintiff has not done so. In particular, plaintiff has not established that the amount in controversy in this matter exceeds $75,000.[1] *See* 28 U.S.C. § 1332(a).

In sum, because plaintiff states no cognizable federal claims, fails to demonstrate that this Court may exercise jurisdiction over her state claims, and fails to adequately plead her state law claims, plaintiff's complaint must be DISMISSED. Plaintiff is granted leave to amend her complaint. Plaintiff has indicated that she intends to file a First Amended Complaint by March 9, 2010. The Court extends that time to **March 19, 2010.**

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED with leave to amend and her motion for leave to file a complaint is therefore DENIED as moot. (Docket No. 1). Plaintiff's amended complaint is due **no later than March 19, 2010.** The Court DEFERS ruling on plaintiff's application to proceed in forma pauperis until such date as plaintiff files her amended complaint. (Docket No. 2).

**IT IS SO ORDERED.**

Dated: February 26, 2010

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiff has provided a Michigan address to the Court, so the Court assumes at this point that plaintiff is a citizen of Michigan. The attorney defendants appear to be citizens of California.